Heine's, Inc., complainant,

*v.*

Truckdrivers' & Helpers' Union, Local No. 676, et al.,
defendants.

[Decided July 9th, 1940.]

*Messrs. Heine & Heine,* for the complainant.

*Mr. Albert K. Plone,* for the defendants.

Berry, V. C.

Complainant seeks an injunction against picketing of its place of business and against various other "strike" activities. Charges of threats, intimidation and blocking of ingress to and egress from complainant's store are made, but all of such charges are specifically denied. It is also charged that the officers of the defendant union demanded a closed shop contract of the complainant under threats of picketing and that on complainant's refusal the picketing began. The demand for a closed shop is denied, but the picketing is admitted.

Defendants would have the court believe that their conduct was the result of their solicitude for the welfare of complainant's lone truck driver, a non-union man, who, they say, was compelled to work long hours for low wages and was eager to join the union. The driver, however, says that he is perfectly contented with his wages and working conditions and

that he has no desire whatever to join the defendant union. One circumstance reveals much of the defendants' true intentions. After putting up with the picketing for some time, complainant ceased trying to use its own truck and employed a trucking concern to do its hauling. Immediately the picketing ceased, because, it is frankly (or perhaps naively) stated in defendants' answering affidavits, this independent trucking concern employed union labor. There is no explanation of the defendants' sudden loss of interest in the welfare of complainant's truck driver, who was kept working at other jobs and presumably under the same allegedly shameful conditions as prevailed at the onset of the controversy. After about two weeks the complainant, finding its delivery costs excessive under the new arrangement, discontinued its employment of the trucking concern, whereupon the picketing was resumed.

The eloquence with which these facts speak is more than sufficient to overcome the general rule stated in *Citizens Coach Co.* v. *Camden Horse Railroad Co., 29 N. J. Eq. 299,* that a preliminary injunction will not issue where the material facts alleged in the bill are met by full and explicit denials under oath. While it is not the function of the court in a proceeding of this nature to determine the factual issue which may be raised by the affidavits, it suffices to say, even though it be an understatement, that the denials "do not carry conviction." *Evening Times Printing and Publishing Co.* v. *American Newspaper Guild, 124 N. J. Eq. 71.*

Without question, there is no strike or other labor dispute in existence. In such circumstances this court repeatedly has said, and with the affirmance of the Court of Errors and Appeals, that there is absolutely no justification for the conduct against which relief is sought. *213-220 Market Street Corp.* v. *Delicatessen and Cafeteria Workers' Local No. 410, 118 N. J. Eq. 448; Wasilewski* v. *Bakers Union, Local, &c., Ibid. 349; Feller* v. *Local No. 144, &c., 121 N. J. Eq. 452; International Ticket Co.* v. *Wendrich, 122 N. J. Eq. 222; affirmed, 123 N. J. Eq. 172; Mitnick* v. *Furniture Workers Union, &c., 124 N. J. Eq. 147; Newark International Baseball Club, Inc.,* v. *Theatrical Managers, Agents and Treas-*

*urers' Union, 126 N. J. Eq. 520.* The principles enunciated by these and kindred cases have been so well established and so firmly and clearly reiterated *in extenso* that it no longer should be necessary to do more than cite them.

Defendants contend that their activities were merely in exercise of the rights of freedom of speech and of the press guaranteed by the first amendment to the federal constitution, and cite *Thornhill* v. *Alabama, 84 L. Ed. 659,* and *Carlson* v. *California, 84 L. Ed. 668.* Neither case is apposite. Both involved penal legislation, in one instance a state statute, in the other a county ordinance, prohibiting picketing generally, and without regard to circumstances.

The restraints heretofore imposed will be continued until final hearing.